# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| REAL TIME PROPERTY INVESTMENTS LLC, § § § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:23-cv-00370 |
| vs. § § | |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, § § § § | **JURY DEMANDED** |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Real Time Property Investments LLC, Plaintiff herein, files this Original Complaint against Defendant Allied Property and Casualty Insurance Company and, in support of its causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.  Real Time Property Investments LLC ("Real Time") is a limited liability company formed in the state of Texas. Real Time's sole member is Scott Handkins. Mr. Handkins is a citizen of the state of Texas and resides at 1043 Canyon View Road, Dripping Springs, Texas 78620, which is his true, fixed, and permanent home.

2.  Defendant Allied Property and Casualty Insurance Company (hereinafter referred to as "Allied"), was, and is at the date of this filing, an Ohio corporation incorporated in Ohio with its principal place of business located at 1 W. Nationwide Blvd., Columbus, Ohio 42579. Allied, therefore, is not a citizen of the state of Texas for diversity purposes. Allied may be served via certified mail return receipt requested via its registered agent for service in the state of Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332. Plaintiff is a limited liability company formed in the state of Texas, and its sole member, Scott Handkins, resides in Texas at 1043 Canyon View Road, Dripping Springs, Texas 78620, which is his true, fixed, and permanent home. Real time is, thus, a citizen of Texas. Defendant is a corporation incorporated in Ohio and has its principal place of business in Ohio, and is thus a citizen of Ohio. Therefore, as Plaintiff is a citizen of Texas, and Defendant is a citizen of Ohio, complete diversity exists. Additionally, Plaintiff seeks damages in excess of $75,000. Specifically, Plaintiff seeks proceeds from its insurance policy in the amount of $180,000, plus attorneys' fees. Further, Plaintiff alleges Defendant knowingly committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas, Fort Worth Division. The property at issue in this cause is in the Northern District of Texas, Fort Worth Division.

## III.
## FACTUAL BACKGROUND

5. Real Time is a named insured under an insurance policy issued by Allied identified as Policy ACP BPOC3066825810 ("Policy"). At all times relevant to this suit, Real Time was the owner of the property located at 1135 Keller Parkway, Keller, Texas 76248 ("Property") and a named insured under the Policy.

6. The Property sustained a significant hail and wind event on April 15, 2021, or at all times during the Policy period, causing extensive damage to the roofing system and exterior of the

Property. Real Time reported this storm and the damage it caused to the Property to Allied. Allied acknowledged receipt of the claim and commenced its investigation.

7.  Allied assigned claims representative Matt Brintnall ("Brintnall") to adjust the claim. In turn, Brintnall retained Junghoon Yang ("Yang") of Rimkus Consulting Group, Inc., an engineering firm that works almost exclusively for insurance companies, to inspect the Property. Yang inspected the Property on September 29, 2021. During his inspection, he observed overwhelming evidence of hail and wind damage to the roofing surface. However, Yang concluded, "Half-impact denting in the metal roof panels at the subject building referenced in Conclusion 3 was cosmetic in nature and did not compromise the water-shedding capability or functionality of the metal roof system as intended." Yang submitted his report to Allied on October 5, 2021.

8.  Shockingly, on October 7, 2021, Real Time received a letter from Brintnall denying the claim. According to Brintnall, "Our investigation indicates that during the inspection performed by a structural engineer from Rimkus Consulting found that hail damage was present but did not cause direct physical damage to the roof system. The policy carries a PB 5992 cosmetic exclusion endorsement which does not provide coverage for cosmetic damage to any roof or siding." Allied never personally inspected the Property and, instead, chose to rely entirely on the report of an engineer who performed zero testing to determine the severity of damages.

9.  After receiving the denial letter, Real Time hired public adjuster Joseph Grasso ("Grasso") with Grasso Public Adjusters, Inc. Grasso hired consulting engineer, W. Tom Witherspoon, PhD. P.E., to conduct an inspection of the Property. He concluded, "The hail impact hits have damaged the surface of this roof causing an acceleration of aging and will deteriorate over time" and "There is damage to the downspouts."

10. Real Time turned to National Claims Negotiators ("NCN"), a licensed Texas public adjusting firm, to inspect the Property. On September 14, 2022, NCN hired Michael Withrow with American Mechanical to inspect the HVAC units on the Property. Withrow determined the damage to the HVAC units warranted retrofit cost coverage of $8,575.42. NCN determined the damage to the Property warranted replacement cost coverage of **$125,713.24** under the terms of the Policy. NCN's estimate and evaluation came equipped with photographs of the damage. NCN's estimate was submitted to Allied on or around September 15, 2022.

11. This is the exact scenario insureds hope to avoid when faced with devastating storm damage after dutifully paying premiums. The representatives assigned to Real Time's claim were improperly trained and failed to perform a thorough investigation of Real Time's claim. Specifically, Allied's engineer conducted a substandard inspection of the Property, including spending an inadequate amount of time inspecting the physical Property, and failing to conduct any testing of the Property before summarily concluding the direct force of hail and wind did not merit coverage for the majority of Real Time's damages.

12. Together, Allied, Brintnall, and Yang set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide sufficient coverage for the damages sustained, Real Time's claim was improperly adjusted, and it was denied any payment to repair their Property.

## IV.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract**

14. Allied had a contract of insurance with Plaintiff. Allied breached the terms of that contract by wrongfully denying the claim, and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Allied to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy. As referenced above, Allied mispresented coverage for hail and wind damage to the Property during the Policy period was a covered cause of loss and misrepresented to Real Time the coverage's terms.

19.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

  (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. As referenced above, Allied failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information relied on its investigation, failed to conduct testing of the damage, failed to allocate damage occurring during the Policy, failed to consider any weather data and improperly claimed no hail or wind damage was reported on the date of loss.

20. Defendant violated Section 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented hail and wind damage that occurred during the Policy was not a covered loss, failed to provide requested information used to render its claim decision, and claimed hail and wind damage was preexisting without conducting a reasonable investigation.

21. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22. Defendant has violated the Texas DTPA in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Allied failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Allied, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allied took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23. Defendant knowingly committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Breach of the Duty of Good Faith and Fair Dealing**

24. Defendant Allied's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff.

25. Defendant Allied's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Allied knew or should

have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

26. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**E.    Attorneys' Fees**

27. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29. Plaintiff further prays that Plaintiff be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiff's causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

30. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VII.
## JURY DEMAND AND PRAYER

31. Plaintiff requests that a jury be convened to try the factual issues of this case.

32. WHEREFORE, PREMISES CONSIDERED, Real Time prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Real Time be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Real Time may show itself to be justly entitled.

Respectfully submitted,

*/s/ Matt Montgomery*
Jeffrey T. Embry
Bar Number: 24002052
Margaret C. Pennell
Bar Number: 24116893
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No. 903-526-1772
Telecopier No. 903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com

AND

Matt Montgomery
Bar Number: 24041509
Hossley Embry, LLP
14241 Dallas Parkway, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
matt@hossleyembry.com

**ATTORNEYS FOR PLAINTIFF**